UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

DEREK JACKSON, DARCELL PURDIE and
DESIREE GILLIARD as m/n/g of infant D.G.,

                         Plaintiffs,

              -against-

Police Officer MATTHEW WALTERS, Shield No.
7200; Detective MICHAEL BENNETT, Shield
No. 0850; Sergeant ALEX VAHLDIECK, Shield
No. 1594; and JOHN and JANE DOE 4 through
10, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                        Defendants.

--------------------------------------------------------------- x

**FIRST AMENDED COMPLAINT**

13 CV 492 (FB) (MDG)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiffs demand a trial by jury in this action.

## PARTIES

6.      Plaintiff Derek Jackson is a resident of Kings County in the City and State of New York.

7.      Plaintiff Darcell Purdie is a resident of Kings County in the City and State of New York.

8.      Plaintiff D.G. is a resident of Kings County in the City and State of New York.

9.      Defendant Police Officer Matthew Walters, Shield No. 7200 ("Walters"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Walters is sued in his individual and official capacities.

10.     Defendant Detective Michael Bennett, Shield No. 0850 ("Bennett"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Bennett is sued in his individual and official capacities.

11.     Defendant Sergeant Alex Vahldieck, Shield No. 1594 ("Vahldieck"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Vahldieck is sued in his individual and official capacities

12.     At all times relevant defendants John and Jane Doe 4 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 4 through 10.

13.     At all times relevant herein, defendants John and Jane Doe 4 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 4 through 10 are sued in their individual and official capacities.

14.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15.     At approximately 10:45 a.m. on June 26, 2012, plaintiffs were lawfully present inside of 162 Troy Avenue, Apartment 6C in Brooklyn, New York.  Plaintiffs Darcell Purdie and D.G. are siblings; Derek Jackson is their cousin.  At the time in question, plaintiffs were staying at their grandmother's apartment.

16.     Defendants forced their way into the above apartment with guns drawn.

17.     Defendants threw Derek Jackson up against a wall and onto the floor.

18.     Defendants put a gun to Darcell Purdie's face.

19.     As D.G. began crying, defendants, with their guns drawn, ordered D.G. to stand-up and go out into the hallway.

20.     When D.G. tried to explain that she and plaintiffs were in their grandmother's apartment, defendants screamed in her face that she was lying.

21.     Without probable cause or reasonable suspicion to believe that the apartment belonged to plaintiffs' grandmother and that plaintiffs were not trespassing, defendants searched, handcuffed and arrested plaintiffs.

22.     Plaintiffs were eventually taken to the 77th Precinct.

23.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that plaintiffs had criminally trespassed and prepared false paperwork to that effect, including arrest reports.

24.     At no point did plaintiffs criminally trespass.

25.     Plaintiffs were eventually taken to Brooklyn Central Booking.

26.     Plaintiffs appeared in Kings County Criminal Court and, after spending over 24 hours in custody, were eventually released on their own recognizance.

27.     After making several court appearances over approximately seven months, all charges against plaintiffs were dismissed.

28.     Plaintiffs suffered damage as a result of defendants' actions.  Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
### Unlawful Stop and Search

29.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

30.    Defendants violated the Fourth and Fourteenth Amendments because they detained and searched plaintiffs without reasonable suspicion.

31.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

32.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

33.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

34.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

35.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

36.    By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiffs under 42 U.S.C. § 1983 for the violation of their constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

37.    Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs of their constitutional rights.  The prosecution by defendants of plaintiffs constituted malicious prosecution in that there was no basis for the plaintiffs' arrests, yet defendants continued with their prosecutions, which was resolved in plaintiffs' favor.

38.    As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

**FOURTH CLAIM**
**Unreasonable Force**

39.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

41.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

42.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

43.     The individual defendants created false evidence against plaintiffs.

44.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

45.     In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

46.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### SIXTH CLAIM
### Failure To Intervene

47.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

48.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

49.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

50.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:    October 7, 2013
            New York, New York

HARVIS WRIGHT & FETT LLP

_____

Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwandf.com

*Attorneys for plaintiffs*